, [No. 12138.   In Bank. — June 29, 1887.]

# H. H. SCOTT et al., Petitioners, *v.* SUPERIOR COURT OF YOLO COUNTY, Respondent.

Justice's Court — Entry in Docket — Payment of Amount of Judgment into Court — Appeal — Jurisdiction. — The plaintiff in an action in a Justice's Court is not deprived of his right to appeal from a judgment rendered in his favor by the mere payment into court by the defendant of the amount of the judgment; and an entry in the docket of the justice reciting the payment, and that the parties came into court and settled the case upon that basis, does not deprive the Superior Court of jurisdiction of the appeal, or of determining whether or not the judgment had in fact been satisfied.

Application for a writ of prohibition to restrain the Superior Court of Yolo County from proceeding with the trial of an action appealed to it from the Justice's Court. The further facts are stated in the opinion of the court.

*J. Lambert*, for Petitioners.

*G. P. Harding*, and *R. Clark*, for Respondent.

Temple, J. — One Hayes sued H. H. Scott before a justice of the peace in Yolo County to recover a sum of money. Defendant answered, offering to permit judgment to be entered against him for a specified sum. The plaintiff declining to accept the offer, a trial was had, in which the plaintiff recovered less than had been offered. Judgment was entered for plaintiff for that amount, and also for defendant for costs. Defendant paid the amount of the judgment into court. Afterward plaintiff also paid to the justice all of the costs which accrued at the trial. The justice's docket states, after showing the entry of payment and filing defendant's cost bill: "January 17th. Plaintiff and defendants came into court and settled on the above basis. Plaintiff paid witness fees for himself, $14.60."

It does not appear that satisfaction of the judgment

was entered by the justice. The plaintiff appealed to the Superior Court, where a motion was made to dismiss the appeal on the ground that the judgment appealed from had been satisfied. Upon the hearing of this motion affidavits of various parties were read, tending to show whether the judgment had been satisfied, or plaintiff had accepted the money paid into the Justice's Court.

There is here no question of jurisdiction.

The entry of the justice that the parties appeared and settled upon the basis is not one which he was required to make officially, and if properly made, was not conclusive.

If the question raised by the motion be a jurisdictional question, however, it was one to be determined by an inquiry into facts *dehors* the record. The investigation was one which the Superior Court had jurisdiction to make, and its conclusion upon that matter is conclusive in this proceeding.

If the plaintiff accepted the money, the Superior Court should dismiss the appeal; but this fact, if it existed, did not deprive the court of jurisdiction.

The mere payment of the money into court by the defendant under such circumstances could not deprive the plaintiff of his right to appeal, if he was dissatisfied with the judgment.

Writ denied.

SEARLS, C. J., McFARLAND, J., THORNTON, J., SHARPSTEIN, J., PATERSON, J., and McKINSTRY, J., concurred.